# EXHIBIT C

| | |
|---|---|
| **From:** | Atta-Krah, Kenton |
| **Sent:** | Wednesday, July 16, 2025 11:16 AM |
| **To:** | Scaduto, Frank; Joseph Froehlich |
| **Cc:** | Harrison, Todd; Griffith, Greer |
| **Subject:** | Spencer Savings Bank, SLA v. BNK Invest, Inc., 25-3877 (DNJ) |
| **Attachments:** | 1 - 2025.07.16 - DRAFT - Goldstein's Rule 11 Cover Letter to Pl.'s Counsel [Spencer v. BNK].pdf; 2 - 2025.07.16 - DRAFT - Goldstein Notice of Rule 11 Motion [Spencer v. BNK].pdf; 3 - 2025.07.16 DRAFT - Goldstein Memo of Law in Support of Motion for Rule 11 Sanctions [Spencer v. BNK].pdf; 4 - 2025.07.16 - DRAFT - Proposed Order Granting Motion for Rule 11 Sanctions [Spencer v. BNK].pdf |

Good morning, Counsel,

In accordance with Fed. R. Civ. P. 11(c)(2), further to our communications on June 6, June 24, and June 27, and further to our Motion to Dismiss filed on June 30, 2025, please find enclosed a draft of Defendant Mark A. Goldstein's motion for sanctions. Please be advised accordingly.

Pursuant to Local Rule 5.1 and Fed. R. Civ. P. 5(b), please advise whether you consent to service by e-mail.

Thank you,

Kenton

KENTON ATTA-KRAH
Associate
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 212 547 5739    **Email** kattakrah@mwe.com
Website | vCard | LinkedIn



**mwe.com**

Todd Harrison
Attorney at Law
tdharrison@mwe.com
+1 212 547 5727

July 16, 2025

**VIA EMAIL**

Joseph N. Froehlich
Troutman Pepper Locke LLP
305 Church at N. Hills Street, Ste. 1200
Raleigh, NC 27609
joseph.froehlich@troutman.com

Frank Scaduto
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
FScaduto@wiley.law

Re:     ***Spencer Savings Bank, S.L.A. v. BNK Invest, Inc. et al.*, No 25-cv-03877 (D.N.J. May 6, 2025)
        <u>Motion for Sanctions Under Fed. R. Civ. P. 11,</u>**

Dear Mr. Froehlich,

As you know, we represent defendant Mark A. Goldstein ("<u>Mr. Goldstein</u>") in the above-referenced matter. Pursuant to Federal Rule of Civil Procedure 11(c)(2), enclosed please find a draft of Mr. Goldstein's notice of motion for Rule 11 sanctions and memorandum of law in support (together, the "<u>Rule 11 Motion</u>").

As discussed with you by teleconference on June 24, 2025, by email on June 30, 2025, and as detailed further in the attached Rule 11 Motion, there is no factual or reasonable basis for the Racketeer Influenced and Corrupt Organizations Act ("RICO") charges you and your client Spencer Savings Bank, S.L.A. ("<u>Spencer</u>") have publicly levied against Mr. Goldstein in *Plaintiff's Racketeering Complaint and Demand for Jury Trial*, dated May 6, 2025 (the "<u>Complaint</u>").

Most notably, you and Spencer have been aware that Mr. Goldstein did not participate in or contribute to the Passaic County[1] litigation that you assert as evidence of an alleged RICO conspiracy against Spencer. You also possess all communications from the online message board, BankInvestor.com, sent to or from

---

[1] Capitalized terms not defined herein shall have the definitions ascribed in the Complaint.



**One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444**

*US practice conducted through McDermott Will & Emery LLP.*

DM_US 213142716-2.127248.0011

Joseph N. Froelich
July 16, 2025
Page 2

Mr. Goldstein involving Spencer, and so are aware that Mr. Goldstein has not done or said anything that would warrant a RICO conspiracy charge against him. Despite knowing these facts—which form the entirety of the Complaint's allegations against Mr. Goldstein—you publicly accuse Mr. Goldstein of civil RICO conspiracy. This is improper and unacceptable.

Accordingly, pursuant to Rule 11, Mr. Goldstein requests that you voluntarily dismiss with prejudice the Complaint against him within 21 days of this letter. If the Complaint is not dismissed with prejudice by that date, Mr. Goldstein will file with the Court, in substantially the form enclosed, the Rule 11 Motion and related papers, requesting the relief described therein.

Please let me know if you have any questions.

Sincerely,

Todd Harrison

cc:    Jessica Greer Griffith, NJ Bar No. 126432014, Ggriffith@mwe.com
       Kenton Atta-Krah, admitted *pro hac vice*, katta-krah@mwe.com


Enclosures

DRAFT - Notice of Motion for Rule 11 Sanctions
DRAFT - Memorandum of Law in Support of Motion for Rule 11 Sanctions
DRAFT - Proposed Order Granting Motion for Rule 11 Sanctions

McDermott
Will & Emery

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPENCER SAVINGS BANK, S.L.A., <br><br> Plaintiff, <br><br> v. <br><br> BNK INVEST, INC., ROBERT SEPERSKY, JONATHAN GOLDMAN, RONALD RAGANELLA, ROBERT MITCHELL, WILLIAM R. DOSSENBACH, JORDAN FARKAS, HARVEY SCHAFFLER, LEVI C. PUREC, TIMOTHY J. KLACE, KENNETH METVINER, LAWRENCE SEIDMAN, BRAD D. BUTLER, RICHARD J. LASHLEY, JOHN H. MEREY, LEO M. GOLDNER, MARK A. GOLDSTEIN, MICHAEL D. ABNERI, and JOHN DOES 1–4 <br><br> Defendants. | <u>**Civil Action**</u> <br><br> **Docket No. 2:25-cv-03877-MEF-JRA** <br><br> **Oral Argument Requested** <br><br> **NOTICE OF MOTION FOR SANCTIONS UNDER FRCP RULE 11** |

**PLEASE TAKE NOTICE** that on [DATE] or as soon as counsel may be heard, the undersigned attorneys for Mark. A. Goldstein ("Mr. Goldstein") in the above captioned matter will move before the United States District Court, District of New Jersey, for an Order granting its Motion for Rule 11 Sanctions against plaintiff Spencer Savings Bank, S.L.A., and its counsel of record at Troutman Pepper Locke LLP and Wiley Rein LLP.

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Mr. Goldstein shall rely on the attached memorandum of law in support of this Motion, his Motion to Dismiss dated June 30, 2025 (ECF 49) and documents filed in support of his Motion to Dismiss.

**PLEASE TAKE FURTHER NOTICE** that a proposed Order is enclosed.

**PLEASE TAKE FURTHER NOTICE** that Mr. Goldstein hereby requests oral argument.

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

Dated:  New York, New York.        Respectfully submitted,
        July , 2025


                                   By:  _/s/ DRAFT_____
                                        Jessica Greer Griffith (NJ Bar No.
                                        126432014)
                                        Todd Harrison (admitted _pro hac vice_)
                                        Kenton Atta-Krah (admitted _pro hac vice_)
                                        MCDERMOTT WILL & EMERY LLP
                                        One Vanderbilt Avenue
                                        New York, New York  10017-3852
                                        Telephone: +1 212 547 5400
                                        Facsimile:  +1 212 547 5444
                                        ggriffith@mwe.com
                                        tharrison@mwe.com
                                        katta-krah@mwe.com

                                        _Attorneys for Defendant Mark A. Goldstein_

2

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPENCER SAVINGS BANK, S.L.A., <br><br> Plaintiff, <br><br> v. <br><br> BNK INVEST, INC., ROBERT SEPERSKY, JONATHAN GOLDMAN, RONALD RAGANELLA, ROBERT MITCHELL, WILLIAM R. DOSSENBACH, JORDAN FARKAS, HARVEY SCHAFFLER, LEVI C. PUREC, TIMOTHY J. KLACE, KENNETH METVINER, LAWRENCE SEIDMAN, BRAD D. BUTLER, RICHARD J. LASHLEY, JOHN H. MEREY, LEO M. GOLDNER, MARK A. GOLDSTEIN, MICHAEL D. ABNERI, and JOHN DOES 1–4 <br><br> Defendants. | <u>Civil Action</u> <br><br> **Docket No. 2:25-cv-03877-MEF-JRA** <br><br> **Oral Argument Requested** <br><br> **Return Date: [\*], 2025** |

---

## DEFENDANT MARK A. GOLDSTEIN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11

---

MCDERMOTT WILL & EMERY LLP
Jessica Greer Griffith (NJ Bar No. 126432014)
Todd Harrison (admitted *pro hac vice*)
Kenton Atta-Krah (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017-3852
Tel: 212-547-5400
ggriffith@mwe.com
tdharrison@mwe.com
katta-krah@mwe.com

*Attorneys for Defendant Mark A. Goldstein*

1

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT........................................................................................... 4

PROCEDURAL HISTORY ............................................................................................... 5

ARGUMENT ..................................................................................................................... 6

     I.      Legal Standard ............................................................................................ 6

     II.     Rule 11 Sanctions Are Warranted Because The Complaint Against
     Goldstein is Frivolous and Lacks Any Evidentiary Support................................. 8

          A.     The Complaint Lacks Evidentiary Support................................. 8

          B.     The Complaint is Brought for an Improper Purpose to
          Harass and Increase the Cost of Litigation .......................................... 12

CONCLUSION................................................................................................................. 14

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

**[TABLE OF AUTHORITIES – PLACEHOLDER]**

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

Defendant Mark A. Goldstein ("Goldstein" or "Defendant") moves under Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent powers, for sanctions against Plaintiff Spencer Savings Bank, S.L.A. ("Spencer" or "Plaintiff") and its counsel (this "Motion").  In support, Defendant states as follows.

## PRELIMINARY STATEMENT

On May 6, 2025, Plaintiff filed a 96-page, two-count complaint alleging in Count I that certain named individual defendants (not including Goldstein) violated section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (the "Complaint").  Count II charged all defendants, including Goldstein, with conspiracy to violate RICO under 18 U.S.C. § 1962(d).  But Plaintiff failed to state a single fact demonstrating any wrongdoing by Goldstein.  Plaintiff included only **one direct "allegation"** against Goldstein, which was based on a speculative and legally appropriate message that Goldstein sent to another user on the online message board, BankInvestor.com ("BankInvestor").  Even when taken in the light most favorable to Plaintiff, this allegation merely indicated a *possibility* that Goldstein *might* join or contribute funds to hire legal counsel in relation to a lawsuit filed by certain BankInvestor members and others to protest Spencer's decision to close their accounts.  Finally, this cannot possibly amount to an allegation of wrongdoing here, when Goldstein never joined that lawsuit nor contributed funds to it, as Plaintiff well knows.

The Complaint's single, innocuous factual "allegation" against Goldstein cannot sustain a RICO conspiracy charge, as explained in Goldstein's Memorandum of Law in Support of Motion to Dismiss (Doc. 47-12) ("Goldstein Brief").

In its Complaint, Plaintiff relied on messages from BankInvestor to establish the alleged predicate acts underlying the RICO claims against other Defendants.  Indeed, almost half of the

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

96-page Complaint is spent laying out and, in some cases, quoting messages from BankInvestor members. Plaintiff therefore has access to a significant volume—likely all—communications from BankInvestor involving Spencer, including all messages from Goldstein involving Spencer.

Accordingly, given Plaintiff's already substantial access to BankInvestor messages and the importance of those communications to the allegations, the lack of any substantive factual allegations or BankInvestor messages about Goldstein and Spencer in the Complaint reveals the complete infirmity of Plaintiff's claims against Goldstein. Because there are no facts that can sustain a RICO conspiracy charge against Goldstein, and Plaintiff *knows* that Goldstein did not actually join the lawsuit referenced in the Complaint as justification for the conspiracy charge (because Plaintiff is also a party to that litigation), the Complaint was filed for an improper purpose and relies on frivolous arguments in violation of Fed. R. Civ. P. 11(b)(2) and (3).

**"[T]he mere assertion of a RICO claim has an almost inevitable stigmatizing effect on those named as defendants"** causing courts to "strive to flush out frivolous RICO allegations." *Grant v. Turner*, No. 09-2381 (GEB), 2010 WL 4004719, at *3 (D.N.J. Oct. 12, 2010) (emphasis added). Yet without evidence, Plaintiff recklessly levies these serious accusations against Goldstein, a respected businessman and family man, even after repeatedly being cautioned to withdraw them.

## PROCEDURAL HISTORY

Plaintiff filed this Complaint on May 6, 2025 (Doc. 1) but there are nearly twenty years of contentious litigation underlying this dispute. *See, e.g.*, Goldstein Brief at 2 n.2, 3, 13 n.10, 14-15 (addressing litigation history involving Spencer and co-defendant Lawrence Seidman ("Seidman")).

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

The undersigned were engaged on or about May 29, 2025, and spoke twice with Plaintiff's counsel on June 6, 2025 and June 24, 2025 in an attempt to resolve this matter without the need to move to dismiss. The talks failed. On June 30, 2025, Goldstein moved to dismiss the Complaint for failure to state a claim. (*See* Doc. 47.)

Because Plaintiff's allegations lacked any factual basis, on June 27, 2025 the undersigned initially notified Plaintiff's counsel by email of Goldstein's intent to move for sanctions under Fed. R. Civ. P. 11, and on July 15, 2025, served Plaintiff's counsel with such notice (the "Rule 11 Letter"), attached as **Exhibit 1** to Counsel's Declaration. The Rule 11 Letter attached a draft copy of this Motion, provided Plaintiff and its counsel 21 days to withdraw the Complaint with prejudice, and informed Plaintiff of the frivolous and unsupportable nature of the allegations against Goldstein.

Plaintiff did not dismiss the Complaint against Goldstein within the 21-day period. Accordingly, Goldstein files this Motion for sanctions and respectfully moves this Court for an Order dismissing the Complaint against Goldstein with prejudice and awarding all reasonable expenses, costs, and attorneys' fees, as well as any other relief the Court deems just and proper.

## ARGUMENT

### I.    Legal Standard

Rule 11 imposes "an affirmative duty" on any party who presents "a pleading, motion, or other paper" to conduct "a reasonable inquiry into the facts and the law before filing[.]" *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991).

"[T]he applicable standard [for determining counsel's conduct] is one of reasonableness under the circumstances." *Id.* Reasonableness for purposes of Rule 11 is "objective." *Id.* "The **reasonableness** of counsel's conduct depends on a number of factors, including, the amount of time available to conduct the factual and legal investigation; the necessity for reliance on a client

6

for the underlying factual information; the plausibility of the legal position advocated" and "the complexity of the legal and factual issues implicated." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 207 (3d Cir. 2019).  Not all factors will always be relevant.  Courts need not "work mechanically" through these factors but should "consider the reasonableness of the inquiry under all the material circumstances."  *In re Taylor*, 655 F.3d 274, 284 (3d Cir. 2011).

To comply with these standards, an attorney "must conduct a reasonable investigation of the facts and a normally competent level of legal research" to support their contentions. *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994);  *see also In re Taylor*, 655 F.3d at 284 (same; affirming sanctions against attorney whose "behavior was unreasonable, both as a matter of her general practice and in ways specific to this case").

Rule 11 obligates counsel to "look before leaping" in order to "discourage the filing of frivolous, unsupported, or unreasonable claims." *Leuallen v. Borough of Paulsboro*, No. 99-4353 (JBS), 180 F. Supp. 2d 615, 618 (D.N.J. Jan. 10, 2002).  This caution matters even more when asserting a RICO claim, given the significant and obvious reputational harm to defendants that attaches from the "mere assertion of a Rico claim." *See Grant*, 2010 WL 4004719, at *3. Expectedly, courts are "always . . . on the lookout" for dressed up RICO cases. *Id*

The obligations of Rule 11 extend beyond the time the papers are filed.  The attorney's obligations "**are not measured solely as of the time they are filed with or submitted to the** court, but include reaffirming to the court and **advocating positions contained in those pleadings and motions after learning that they cease to have any merit."**  *See* Fed. R. Civ. P. 11, Advisory Committee's Note to 1993 Amendment (emphasis added);  *see also Bygott v. Leaseway Transp. Corp.*, No. 84-2229, 637 F. Supp. 1433, 1439 (E.D. Pa. June 10, 1986) (generally, "attorneys' fees may be awarded where . . .the party continues to litigate after the claim or defense clearly became

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

frivolous, unreasonable, or groundless."); *Fahrenz v. Meadow Farm P'ship*, 850 F.2d 207, 210 (4th Cir. 1988) (affirming sanctions ruling where "plaintiff's attorneys' continued reliance on their original investigation of the claims was unreasonable in light of . . . new information, and [counsel's] continued, dogged pursuit of the then baseless claims was in violation of Rule 11.").

If Rule 11 is violated, Rule 11(c)(4) permits a court to impose sanctions "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11. The sanction may include an award of "attorneys' fees and other expenses directly resulting from the violation" as well as "nonmonetary directives." Fed. R. Civ. P. 11(c)(4); *Scott v. Vantage Corp.*, 64 F.4th 462 (3d Cir. 2023) (available sanctions "run the gamut"); *Est. of Hennis v. Balicki*, No. CV 16-3858 (JBS-KMW), 2018 WL 1558142, at *15 (D.N.J. Mar. 29, 2018) (sanctioning attorney for failure to exercise reasonable diligence and confirm that factual contentions in papers submitted to the court had or would likely have evidentiary support).

## II. Rule 11 Sanctions Are Warranted Because The Complaint Against Goldstein is Frivolous and Lacks Any Evidentiary Support

### A. The Complaint Lacks Evidentiary Support

Plaintiff's Complaint violates Rule 11(b)'s requirement that a Complaint have a sufficient basis in law and fact. Fed. R. Civ. P. 11(b). Plaintiff and its counsel should be sanctioned for persisting with the frivolous and unsupported, yet stigmatizing allegation that Goldstein is part of a racketeering conspiracy. *See Grant*, 2010 WL 4004719, at *3 (cautioning that the "mere association of a RICO claim" has a "stigmatizing effect" on defendants and thus courts "strive to flush out frivolous RICO allegations" and "must always be on the lookout" for embellished allegations asserting RICO claims). And yet, here, the Complaint bases its allegations against Goldstein exclusively on Goldstein's mere membership in the BankInvestor online investment club, and on a single innocuous and legally appropriate message chain on BankInvestor between

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

Goldstein and co-defendant Robert Sepersky.  *See* Compl. ¶ 204 (alleging that "[i]n October and December 2021, Defendants Goldstein and Sepersky discussed Defendant Goldstein joining or funding the litigation against Spencer.").[1]  However, a single message discussing the possibility of retaining legal counsel for completely permissible purposes is a patently inadequate basis on which to publicly accuse a respected businessman of racketeering conspiracy.  Plaintiff well knows that this type of public accusation would seriously affect Goldstein's reputation and standing in the business community and clearly should never have been made.

With respect to what Goldstein and Sepersky allegedly "discussed" in their message on "December 2021," the Complaint alleges that "[i]n a December 24, 2021, BankInvestor post, Defendant Sepersky told Defendant Goldstein that Defendant Seidman 'joined the case for strategic reasons (preventing the bank from trying to move the case to Federal courts).'"  *Id.* ¶ 213.  Even accepted as true, this allegation does not come close to approaching any description of misconduct by Goldstein.  There are no other "allegations" against Goldstein at all, much less any allegations regarding any kind of agreement by Goldstein sufficient to support a conspiracy claim or any allegations that Goldstein knew of or in any way supported the alleged underlying RICO scheme.  Indeed, although Plaintiff alleges generally that Defendants committed "at least fifty-two federal criminal violations defrauding Spencer" (Compl. ¶ 8), Plaintiff fails to identify a single violation—or even a single improper act—by Goldstein that would indicate any level of knowledge, involvement, or culpability whatsoever.

The so-called "federal criminal violations" Plaintiff decries all appear derived from BankInvestor communications.  Plaintiff devotes *almost half* of its Complaint—44 of 96 pages—

---

[1]    The "litigation" "discussed" was *Vasta v. Spencer Sav. Bank, SLA et al.,* No. C-108-21 (N.J. Super. Ct. Ch. Div (Nov. 10, 2021)).

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

to detailing the alleged "participation", "leadership", and predicate acts of other named Defendants, based on their BankInvestor messages. *See* Compl. at 44-88. Yet nowhere in those pages is there any indication or allegation that <u>Goldstein</u> did anything wrong. Plaintiff quotes messages sent by other Defendants on BankInvestor, indicating the comprehensive level of access Plaintiff has gained to those communications.

Plaintiff also has substantial access to BankInvestor messages about Spencer—**including all relevant messages from Goldstein about Spencer**—and therefore Plaintiff knows the nature and extent (or, more accurately, the lack thereof) of Goldstein's communications regarding Spencer. Plaintiff knows that the sole factual reference to Goldstein—that he "discussed joining or funding the litigation against Spencer" (Compl. ¶ 204) is insufficient to support a RICO conspiracy claim. In an attempt to cure this flaw, Plaintiff contends that the state court action Goldstein "discussed" was brought in "bad faith," that BankInvestor members "pool[ed] funds" to support the litigation, and that it has been injured by having to defend the allegations. *Id.* ¶¶ 11, 13, 245, 258. But, even if true, that has nothing to do with Goldstein and Plaintiff's contentions are deficient for several reasons.

First, and most egregiously, Plaintiff and its counsel *have always known* that Goldstein never joined the lawsuit or contributed any money to that effort. Plaintiff is a defendant in that litigation and Plaintiff's counsel knows (and has admitted knowing) that Goldstein was not involved at all in that state court litigation. Plaintiff is "[i]gnor[ing] clear warning signs as to the accuracy" of its information, which are grounds for sanctions in this District. *In re Taylor*, 655 F.3d 274, 285 (3d Cir. 2011) (sanctioning attorney for failure to make "even the most minimal of inquiries" as she would then have determined that the course of action was "inappropriate under the circumstances."). In *Taylor*, the Taylors submitted documentation to opposing counsel, Doyle,

10

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

showing that they had made partial payments at issue and pointing to the inaccuracy of other information Doyle had received.  The Third Circuit ruled that while Doyle **"was not obliged to accept the Taylor's claims at face value"** those claims "**indisputably put her on notice" of the potential issues.**"  *Id.*  "At that point, any reasonable attorney would have sought clarification and further documentation . . . in order to correct any prior inadvertent misstatements to the court and to avoid any further errors."  *Id.*  Instead, attorney Doyle doubled down and was sanctioned for violating Rule 11.  *Id.* at 288.

As in *Taylor*, Plaintiff and Plaintiff's counsel here have "ignored clear warning signs" about the basis of their Complaint against Goldstein.  They know that Goldstein did not fund or join the litigation in which Spencer was a defendant, but they deliberately misled this Court and the public by making a misleading reference to a single message that they *knew* was inaccurate and by falsely insinuating Goldstein's participation in racketeering conduct.

Next, Plaintiff identifies no judicial finding that the state court case Goldstein "discussed"—which was filed almost four years ago—was filed in bad faith.  If Plaintiff had any real indication that the state court action had been brought improperly, it would have moved for sanctions in that case.  Either way, this is not the appropriate forum in which Plaintiff should litigate the alleged impropriety of a state court case that is irrelevant to Goldstein.  Nevertheless, a brief response is warranted since Plaintiff chose to center its baseless claims against Goldstein around the state court case.  Notably, Plaintiff provides no evidence to support its argument that the state court action was in any way improper, and in fact, the history of the case suggests otherwise.  On December 16, 2021, a few weeks after the state court case was filed, the state court, following "oral argument and for good cause shown" granted plaintiffs in that action *a preliminary injunction against Spencer*, requiring the bank to restore the accounts of the

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

plaintiffs/accountholders to their status quo. *See* Order With Restraints (Dec. 12, 2021) at 1, *Vasta v. Spencer Sav. Bank*, *SLA et al.*, No. PAS-C-1-21 (N.J. Super. Ct. Ch. Div. (Nov. 10, 2021)), attached as **Exhibit 2** to Counsel's Declaration. The state court, then, did not deem the case to have been brought in bad faith.

Likewise, Plaintiff's insinuation that pooling funds to support the state court litigation was wrongful and that Goldstein contributed funds is also completely unfounded. To reiterate, Goldstein did *not* contribute any funds to the litigation, as Plaintiff and its counsel well know; and even if he had, Plaintiff identified no authority showing that pooling funds to support litigation is a RICO predicate act.

In the Third Circuit, courts impose sanctions because they "must hold responsible the attorneys who have certified to the court that the representations they are making are well-grounded in law and fact." *In re Taylor*, 655 F.3d at 286. Here, given the foregoing, the Complaint fails this simple test and the Court must hold Plaintiff and its counsel responsible. Plaintiff and its counsel should therefore be sanctioned for maintaining their allegations against Goldstein.

**B. The Complaint is Brought for an Improper Purpose to Harass and Increase the Cost of Litigation**

Rule 11 permits the Court to impose sanctions for pleadings "presented for any improper purpose, such as to harass . . .or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

With no factual basis to sustain RICO conspiracy claims against Goldstein, persisting with the Complaint under these circumstances violates Rule 11 as the Complaint is brought to harass and needlessly increase costs of litigation for bystanders like Goldstein who, because of their BankInvestor membership, have been unfairly and unreasonably dragged into Plaintiff's prolonged fight with Seidman.

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

Plaintiff's strategy in this case appears to be to use its vast resources and the legal system to intimidate innocent BankInvestor members like Goldstein into providing communications from or about other BankInvestor members. Plaintiff boasts it is one of the "largest mutual savings associations in the nation" (Compl. ¶ 9), capable of spending "million[s]" of dollars in "legal fees" on what it termed the "distraction" of "battling Seidman." *See Seidman v. Spencer Sav. Bank et al.*, Nos. A-2039-17T3, A-4739-17T4 (App. Div. Oct. 3, 2019) ("Appellate Opinion"), attached as **Exhibit 3** to Counsel's Declaration. Spending millions of dollars on legal fees may be a mere "distraction" for Spencer, but not so for individual defendants like Goldstein.

The "prime goal of Rule 11 sanctions" is the "deterrence of repetition of improper conduct." *In re Taylor*, 655 F.3d at 288; Fed. R. Civ. P. 11(c)(4). Sanctions are thus even more appropriate where a party has repeated its misconduct. The bank's "fierce" and still-ongoing "marathon litigation" against Seidman has earned the bank the admonition of the courts and resulted in a partial award of counsel fees to Seidman arising from the bank's "pretextual" and "bad faith" conduct in closing accounts for Seidman and his relatives. *See* Appellate Opinion at 23, 39-41 (affirming district court's award of counsel fees for Spencer's bad faith conduct); *see also id.* at 35 (trial court's factual findings that Spencer's Board members acted in bad faith was "unassailable").

Here, Plaintiff's case against Goldstein appears to be a continuation of the kind of cynical and unreasonable conduct the bank has exhibited before. *See, e.g., Appellate Opinion* at 15-16 (noting that Spencer closed accounts belonging to Seidman's wife, daughter, and son-law to deprive him of his membership at the bank). The Appellate Opinion reveals that Spencer has tried to intimidate others, such as Seidman's family members, to get what it wants; by bringing bogus RICO conspiracy Complaint against Goldstein, the bank turns its intimidation tactics on Goldstein,

DRAFT | CONFIDENTIAL
FOR RULE 11 NOTICE TO PLAINTIFF'S COUNSEL

an innocent bystander.  The goal seems to be to impose litigation costs on peripheral figures like Goldstein who were BankInvestor members, and thereby force them into using their membership to provide Plaintiff with a back route into the activities and messages of BankInvestor members. This is harassment and an improper purpose for a Complaint that violates Rule 11.  The Court should not allow such conduct to stand.

## CONCLUSION

For the above reasons, Plaintiff's allegations against Goldstein are not only knowingly frivolous on their face, but Plaintiff *has always known* that they were frivolous and inaccurate. Plaintiff made these incorrect and insufficient allegations while knowing that a sensational RICO conspiracy claim would be harmful to Goldstein's reputation.  They proceeded anyway in the hopes that such a scandalous charge would intimidate Goldstein and force him into doing their improper bidding.   Thus, Goldstein moves for sanctions, including dismissal of Plaintiff's Complaint with prejudice and an award of Goldstein's attorneys' fees, expenses, and costs relating to this litigation, as well as any other relief that the Court deems just.

Dated:   New York, New York.
       July    , 2025

Respectfully submitted,

By: _/s/ Draft_____
    Jessica Greer Griffith (NJ Bar No. 126432014)
    Todd Harrison (admitted *pro hac vice*)
    Kenton Atta-Krah (admitted *pro hac vice*)
    McDermott Will & Emery LLP
    One Vanderbilt Avenue
    New York, New York  10017-3852
    Telephone: +1 212 547 5400
    Facsimile:  +1 212 547 5444
    ggriffith@mwe.com
    tharrison@mwe.com
    katta-krah@mwe.com

    *Attorneys for Defendant Mark A. Goldstein*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPENCER SAVINGS BANK, S.L.A.,<br><br>Plaintiff,<br><br>v.<br><br>BNK INVEST, INC., ROBERT SEPERSKY, JONATHAN GOLDMAN, RONALD RAGANELLA, ROBERT MITCHELL, WILLIAM R. DOSSENBACH, JORDAN FARKAS, HARVEY SCHAFFLER, LEVI C. PUREC, TIMOTHY J. KLACE, KENNETH METVINER, LAWRENCE SEIDMAN, BRAD D. BUTLER, RICHARD J. LASHLEY, JOHN H. MEREY, LEO M. GOLDNER, MARK A. GOLDSTEIN, MICHAEL D. ABNERI, and JOHN DOES 1–4<br><br>Defendants. | <u>Civil Action</u><br><br>**Docket No. 2:25-cv-03877-MEF-JRA**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT MARK A. GOLDSTEIN'S MOTION FOR SANCTIONS UNDER FRCP RULE 11** |

THIS MATTER having been brought before the Court by McDermott Will & Emery LLP, counsel for Defendant Mark A. Goldstein ("Goldstein") for an Order granting the Motion for Rule 11 Sanctions; and the Court having considered the moving papers and any opposition thereto; and the Court having considered the arguments of counsel; and for the reasons set forth on the record; and for other good cause being shown;

IT IS on this _____ day of _____, 2025;

**ORDERED** that:

1)      Count II of the Complaint (Doc 1) is dismissed with prejudice as to Goldstein.

2)      Plaintiff must pay Goldstein's reasonable attorneys' fees and expenses incurred as a result of Count II, including the preparation of this motion, in the amount of _____.

3)      Goldstein must submit and serve an Affidavit of Costs and Fees for the amount claimed in connection with the defense of this matter within fourteen (14) days of the date of this

1

Opinion.  Plaintiff's counsel shall have seven (7) days thereafter to submit opposition, if any, to the amount sought by Goldstein.  This Court shall then determine the reasonable amount of costs and fees without further hearing.

 

_____

HON. JOSE R. ALMONTE
UNITED STATES MAGISTRATE JUDGE