# EXHIBIT E

| | |
|---|---|
| **From:** | Scaduto, Frank |
| **To:** | Atta-Krah, Kenton; Joseph Froehlich |
| **Cc:** | Harrison, Todd; Griffith, Greer; Obermeier, Stephen; Hauser, Corey; Wyant, Isaac |
| **Subject:** | RE: Spencer Savings Bank, SLA v. BNK Invest, Inc., 25-3877 (DNJ) |
| **Date:** | Monday, July 21, 2025 4:36:02 PM |
| **Attachments:** | image001.png |
| | 2025.07.21 letter to T. Harrison re Rule 11 motion.pdf |

**[ External Email ]**

Counsel:

Please see the attached.



Frank Scaduto
Attorney at Law
fscaduto@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.3479

Download V-Card | wiley.law

---

**From:** Scaduto, Frank
**Sent:** Wednesday, July 16, 2025 7:10 PM
**To:** 'Atta-Krah, Kenton' <katta-krah@mwe.com>; Joseph Froehlich <joseph.froehlich@troutman.com>
**Cc:** Harrison, Todd <Tdharrison@mwe.com>; Griffith, Greer <Ggriffith@mwe.com>; Obermeier, Stephen <SObermeier@wiley.law>; Hauser, Corey <CHauser@wiley.law>; Wyant, Isaac <IWyant@wiley.law>
**Subject:** RE: Spencer Savings Bank, SLA v. BNK Invest, Inc., 25-3877 (DNJ)

Counsel:

We consent to service by email. Please be aware that we intend to amend the complaint as of right on Monday, July 21, and will provide a response to your letter thereafter.

Best,

Frank



Frank Scaduto
Attorney at Law
fscaduto@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.3479

Download V-Card | wiley.law

---

**From:** Atta-Krah, Kenton <katta-krah@mwe.com>
**Sent:** Wednesday, July 16, 2025 11:16 AM
**To:** Scaduto, Frank <FScaduto@wiley.law>; Joseph Froehlich <joseph.froehlich@troutman.com>
**Cc:** Harrison, Todd <Tdharrison@mwe.com>; Griffith, Greer <Ggriffith@mwe.com>

**Subject:** Spencer Savings Bank, SLA v. BNK Invest, Inc., 25-3877 (DNJ)

**External Email**

Good morning, Counsel,

In accordance with Fed. R. Civ. P. 11(c)(2), further to our communications on June 6, June 24, and June 27, and further to our Motion to Dismiss filed on June 30, 2025, please find enclosed a draft of Defendant Mark A. Goldstein's motion for sanctions. Please be advised accordingly.

Pursuant to Local Rule 5.1 and Fed. R. Civ. P. 5(b), please advise whether you consent to service by e-mail.

Thank you,

Kenton


KENTON ATTA-KRAH
Associate
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 212 547 5739     **Email** kattakrah@mwe.com
Website | vCard | LinkedIn

****************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
****************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.
CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it can be disclosed, and it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender and delete this email and any attachments.

Frank Scaduto
202.719.3479
fscaduto@wiley.law

**wiley**

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel: 202.719.7000

wiley.law

July 21, 2025

**VIA E-MAIL**

Todd Harrison
McDermott Will & Emory
One Vanderbilt Avenue
New York, NY 10017-3852

Re: *Spencer Savings Bank, SLA v. BNK Invest, Inc.*, No. 25-cv-3877 (D.N.J. May 6, 2025)
<u>Motion for Sanctions Under Fed. R. Civ. P. 11</u>

Dear Mr. Harrison:

This letter responds to your July 16, 2025 letter and attached "draft" motion papers on behalf of Defendant Mark A. Goldstein threatening Rule 11 sanctions against my client, Plaintiff Spencer Savings Bank, SLA ("Spencer"), and its counsel. My co-counsel, Joseph N. Froehlich, and I take accusations of Rule 11 misconduct seriously, and we reviewed your letter and safe harbor motion with all due consideration and care. Based on our review, we can only conclude that your threatened motion is baseless and an abuse of Rule 11 that would subject your firm to sanctions if filed.

As a preliminary matter, the threatened motion is moot. The pleading to which it is directed, the original Complaint dated May 6, 2025, has been withdrawn and superseded by the Amended Complaint filed on July 21, 2025. If you proceed to file the current motion with the Court, without reinitiating the safe harbor process and directing your concerns to the Amended Complaint, you will do so in violation of Rule 11(c)(2)'s safe harbor procedure.

In any event, the substance of your threatened motion is baseless.

*First*, Spencer's civil RICO conspiracy claim against Mr. Goldstein under 18 U.S.C. § 1962(d) has sufficient basis in law and fact. The crux of a § 1962(d) violation is the <u>agreement</u> to violate one of the substantive provisions of § 1962. *Salinas v. United States*, 522 U.S. 52, 64 (1997) (holding that when defendants agree to a plan wherein some conspirators will commit crimes and others will provide support, "the supporters are as guilty as the perpetrators"). An overt act in furtherance of the conspiracy is not required. *See id.* ("The RICO conspiracy statute, § 1962(d), broadened conspiracy coverage by omitting the requirement of an overt act…"). It is equally "clear that § 1962(c) liability is not a prerequisite to § 1962(d) liability." *Smith v. Berg*, 247 F.3d 532, 537 (3d Cir. 2001) ("[A]ll that is necessary for such a conspiracy is that the conspirators share a common purpose.").

Todd Harrison
July 21, 2025
Page 2

Spencer's Amended Complaint properly alleges that Mr. Goldstein <u>agreed</u> to participate in and facilitate the BankInvestor Enterprise's common purpose of defrauding Spencer and other mutual savings associations. Mr. Goldstein applied and <u>agreed</u> to join the BankInvestor Enterprise, deploying common schemes to obtain accounts at Spencer. Am. Compl. ¶¶ 86–87, 89, 99. Mr. Goldstein also <u>agreed</u> to help fund the New Jersey litigation against Spencer. *Id*. ¶¶ 230–31. As alleged, that litigation was yet another tactic the BankInvestor Enterprise deployed to maintain or reinstate members' noncompliant Spencer accounts. *Id.* ¶ 219.

In addition, Mr. Goldstein's account opening tactics mirrored those of co-conspirator Defendant John H. Merey. Mr. Goldstein used the same non-residential Mail Boxes Etc. address as Defendant Merey (1051 Stuyvesant Ave. Union, New Jersey). *Id.* ¶ 99. And Mr. Goldstein maintained at least one other Mail Boxes Etc. address in Massachusetts to open additional bank accounts in circumvention of residency requirements. *See id.* As the Amended Complaint alleges, the use of Mail Boxes Etc. addresses was a common scheme BankInvestor Enterprise members used to defraud Spencer, and likely many other mutual savings institutions across the country. *See id.* ¶¶ 95–99.

Your insistence that "Plaintiff and its counsel *have always known* that Goldstein never joined the [Passaic County] lawsuit or contributed any money to that effort" is both irrelevant and untrue. Spencer does not allege that he did. The allegations against him include his <u>agreement</u> to join the litigation, which is all controlling law requires for § 1962 liability. And Mr. Goldstein's agreement to contribute to the litigation is not the sole basis for the conspiracy claim against him, as described above and in the Amended Complaint. Moreover, that you and Mr. Goldstein's former counsel, Lou LaRocca, have represented to us that Mr. Goldstein did not end up contributing to the litigation is not conclusive proof of that fact.[1] Spencer and its counsel have no other basis to know whether that is true. Indeed, Judge Almonte specifically prohibited discovery of the third-party funding of the Passaic County litigation. *See* Order dated Mar. 13, 2023 (ECF 83), *Spencer Savings Bank v. Vasta*, 21-20485 (the "Vasta Case").

Nor does Spencer have "all relevant messages from Goldstein about Spencer." As I have explained to you previously, Spencer has a limited subset of BankInvestor posts that were produced in response to a non-party subpoena in the Vasta Case. Specifically, Spencer has BankInvestor posts that contain the word "Spencer" from 2012 to 2022. We do not have posts that refer to Spencer some other way. Nor do we have posts from outside that timeframe. And we have no posts concerning the many other mutual banks against which the BankInvestor Enterprise directed their scheme. *See* Am. Compl. ¶¶ 90–91.

---

[1] To the extent you believe attorney representations bear on your Rule 11 motion, it is worth noting that in our very first Zoom meeting, on June 5, 2025, you did not mention Rule 11 and instead remarked that Spencer's original complaint was very well done. I will testify to that fact in a sworn declaration if necessary, as will my colleague, Isaac Wyant, who participated in the meeting too.

*Second*, Spencer's civil RICO claim against Mr. Goldstein is not brought for an improper purpose to harass and increase the costs of litigation. Mr. Goldstein is not being "unfairly and unreasonably dragged into Plaintiff's prolonged fight with Seidman"; he chose to affiliate with and agree to a clandestine civil RICO Enterprise, and he is liable as a co-conspirator whether he knew all the members or not. Spencer is entitled to take legal action against any and all co-conspirators to the newly discovered BankInvestor Enterprise. Spencer's litigation history with Seidman otherwise has no bearing on the propriety of this lawsuit. And it certainly has nothing to do with Spencer's counsel here, who were not involved in the cases cited in your motion.

For similar reasons, Mr. Goldstein is not being "intimidated" into providing relevant communications. As a properly named defendant and source of relevant evidence, he is subject to civil discovery under the Federal Rules of Civil Procedure. I trust that you and your firm, which has 1400 lawyers and is among the AmLaw 50, will endeavor to make sure such discovery is consistent with the Federal Rules, including its relevance and proportionality requirements.

While we expect nothing less than zealous advocacy from opposing counsel, the baseless nature of your Rule 11 threat suggests that it is being deployed for the very reasons Rule 11 exists. "Rule 11 is not a toy." *Draper and Kramer, Inc. v. Baskin–Robbins, Inc.*, 690 F. Supp. 728, 732 (N.D. Ill. 1988). Allegations under the rule are serious, and "threatening sanctions casually or as a matter of course has no place among officers of the court." *Harrison Prosthetic Cradle Inc. v. Roe Dental Lab'y, Inc.*, 608 F. Supp. 3d 541, 551 (N.D. Ohio 2022).

For this reason, abusive Rule 11 motions are themselves subject to Rule 11. *See, e.g.*, *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003). Indeed, motions that are untethered to the facts or law—like Mr. Goldstein's motion—are sanctionable. *See id.* Equally sanctionable are motions, like this one, filed to advance the movant's legal position on the merits. *See, e.g.*, *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 315 F. Supp. 2d 623, 630 (D.N.J. 2004); *On Time Aviation, Inc. v. Bombardier Cap. Inc.*, 570 F. Supp. 2d 328, 331 (D. Conn. 2008) *aff'd*, 354 F. App'x 448 (2d Cir. 2009). These tactics abuse the rule, multiply proceedings, and "invite retribution" from the court. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987).

Accordingly, based on the above, we are optimistic that you will reverse course. If we are wrong, however, and you proceed to reinitiate the safe harbor process and file a Rule 11 motion, we will seek appropriate sanctions under Rule 11(c) and 28 U.S.C. § 1927.

Todd Harrison
July 21, 2025
Page 4

Sincerely,

Frank Scaduto

cc:     Joseph N. Froehlich

wiley.law