# EXHIBIT H

2010 WL 4004719
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

Brian GRANT, et al., Plaintiffs,

v.

Darryl J. TURNER, et al., Defendants.

Civil Action No. 09–2381 (GEB).
|
Oct. 12, 2010.

**Attorneys and Law Firms**

Gary Martin Meyers, Law Offices of G. Martin Meyers, PC, Denville, NJ, for Plaintiffs.

Peter N. Kesslr, Richard D. Gallucci, Jr., Spector Gadon & Rosen PC, Phiadelphia, PA, Oliver D. Griffin, Spector Gadon and Rosen PC, Moorestown, NJ, Harry D. McEnroe, Tompkins, Mcguire, Wachenfeld & Barry, LLP, Newark, NJ, David S. Lafferty, Kelly, Kelly, Marotta & Lafferty, LLP, Maywood, NJ, Kathleen Holly Dooley, McGuire Woods, LLP, Charlotte, NC, Adam C. Silverstein, Golenbock, Eiseman, Assor, Bell & Peskoe, LLP, New York, NY, David S. Sager, Day Pitney, LLP, Morristown, NJ, for Defendants.

### MEMORANDUM OPINION

BROWN, Chief Judge.

*1 This matter comes before the Court on the motion to dismiss the amended complaint (Doc. No. 102) of the defendants Bentley Travel, Allen Bernstein, Jackie Bork, Dream Vacations International, Inc., Dreamworks Vacation Club, Five Points Travel, Darryl J. Turner, Destination Vacations International, Modern Destinations Unlimited, Vacation Clubs, LLC, and La Bonne Vie (Defs.' Mot. Br. 1 n. 1; Doc. No. 102–2); the motion to dismiss the amended complaint (Doc. No. 103) of the defendant Bank of America; the motion to dismiss the amended complaint (Doc. No. 104) of Vacation Travel Club; the motion to dismiss the amended complaint (Doc. No. 105) of Bluegreen Vacations Club, Inc.; the motion to dismiss the second amended complaint (Doc. No. 110) of Resort Condominiums International, LLC; and the amended motion to dismiss the second amended complaint (Doc. No. 112) of Bluegreen Vacation Club, Inc. [1]

For the following reasons, all motions to dismiss will be denied without prejudice, and the plaintiffs Brian Grant, Chenel Grant, Martin Pribush, Diane Pribush, Benjamin M. Cohan, Robert Pinto, Bonnie Pinto, Leonard Schonfeld, Morris Seavey, Larry Kaliner, and Lois Kaliner (collectively "Plaintiffs") shall be ordered to file a RICO Case Statement pursuant to Local Civil Rule of Procedure 16.1(b)(4) and Appendix O.

### I. BACKGROUND

This dispute involves a group of putative class action plaintiffs who bring suit against various individual and corporate defendants, alleging that these defendants were involved with fraudulent travel clubs and swindled the plaintiffs and those similarly situated by convincing plaintiffs to buy memberships in the various travel clubs [2] without receiving that for which they bargained. Plaintiffs also assert that other defendants allowed the use of their legitimate businesses to lend legitimacy to the sham travel clubs.

Plaintiffs originally filed a complaint on May 19, 2009, which the Honorable Joseph A. Greenaway, then United States District Judge, dismissed on March 15, 2010, after having considered a number of motions to dismiss filed by the various defendants. (Doc. Nos.93, 94.) Plaintiffs, pursuant to Judge Greenaway's memorandum opinion and order, filed an amended complaint on April 6, 2010. (Doc. No. 95.) This matter was thereafter transferred to the undersigned on April 14, 2010. (Doc. No. 96.) However, Plaintiffs thereafter filed a second amended complaint, stating that they mis-identified one of the defendants. (Doc. Nos.106, 107.)

For the purposes of this memorandum opinion and in contemplation of the several motions to dismiss, the Court accepts the factual assertions in the second amended complaint as true. The Travel Club Defendants sell memberships in their respective clubs and promote "exclusive and substantial discounts for travel-related services" but Plaintiffs state that "the promised discounts and other rewards simply do not exist." (Second Amended Compl. ¶ 2; Doc. No. 106.) Rather, Plaintiffs assert that the exclusive travel discounts are not in fact discounts, and that "instead are prices that are the same as or even higher than the rates charged to customers who purchase the same travel services through other vendors" or "simply do not exist." (*Id.* at ¶ 3.) In addition, "once it becomes clear to the population in a particular area that their operations are an elaborate fraud, the Travel Club [D]efendants surreptitiously change names, or

simply close their operations and move elsewhere." (*Id.*) Part of the Travel Club Defendants' alleged scheme is to involve "otherwise ostensibly legitimate business entities," including Defendants FIA Card Services, d/b/a Bank of America, Bluegreen Vacations Club, Inc., and RCI (collectively "the Credit Card Defendants") to "lend an air of legitimacy to the fraudulent operations of the Travel Club Defendants." (*Id.* at ¶ 4.) The Credit Card Defendants operate in conjunction with the Travel Club Defendants by "providing 'point of sale' credit card financing to prospective victims of the fraud" and "are aware of the fraud being perpetrated." (*Id.*)

## II. DISCUSSION

### A. Standard of Review

**\*2** A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to " 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir.2008).

Plaintiffs assert a federal RICO claim premised on mail and wire fraud, and many of their other state-law claims sound in fraud. Therefore, their allegations of fraud with regard to RICO and their state-law fraud claims must be pled with particularity pursuant to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See, e.g., Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir.2004) (applying Rule 9(b) to federal RICO claims based on mail and wire fraud); *Christidis v. First Pa. Mortg. Trust,* 717 F.2d 96, 99 (3d Cir.1983) (applying Rule 9(b) to state-law fraud claims). To satisfy Rule 9(b), the plaintiff must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum,* 361 F.3d at 223–24 (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984)). "[T]he plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir.2007) (citing *Lum,* 361 F.3d at 223–24).

### B. Analysis

RICO prohibits certain racketeering activities established under 18 U.S.C. § 1962, and the statute authorizes a civil action for "[a]ny person injured in his business or property by reason of section 1962." 18 U.S.C. § 1964(c). Section 1962(c), the primary violation upon which the parties focus most of their attention, prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Section 1962(d) prohibits any person from conspiring to violate any of the subsections of Section 1962.

**\*3** While the primary congressional purpose in enacting RICO was "to seek the eradication of organized crime in the United States," Pub.L. No. 91–452, 84 Stat. 922, 922–23 (1970), Congress mandated that RICO "be liberally construed to effectuate its remedial purposes," *id.* at 942. Therefore, the Supreme Court has generally held that RICO must be liberally applied, and that it reaches legitimate businesses and enterprises, operating with and without a profit motive. *See, e.g., Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 499 (1985). However, while the Supreme Court has reaffirmed the liberal construction of RICO, it has cautioned that such a reading is "not an invitation to apply RICO to new purposes that Congress never intended." *See Reves v. Ernst & Young,* 507 U.S. 170, 183, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). "Because the mere assertion of a RICO claim ... has an almost inevitable stigmatizing effect on those named as defendants, ... courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Manhattan Telecomms. Corp. v. DialAmerica Mktg.,* 156 F.Supp.2d 376, 380 (S.D.N.Y.2001) (quotations and citations

omitted). "[C]ourts must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb." *Id*. (quoting *Schmidt v. Fleet Bank,* 16 F.Supp.2d 340, 346 (S.D.N.Y.1998)).

To allege a RICO claim pursuant to Section 1962(c), a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, [plus (5) an] injury to property or business." *Lum,* 361 F.3d at 223 (citing *Sedima,* 473 U.S. at 496). The term "racketeering activity" refers to the list of enumerated federal and state crimes provided in Section 1961(1) of the RICO statute and includes, inter alia, mail fraud and wire fraud. *See* 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), and 1346 (scheme or artifice to defraud). As discussed above, where a RICO plaintiff relies upon mail and wire fraud as the predicate acts of racketeering, the fraud allegations must be pled with particularity in accordance with Rule 9(b). While the heightened pleading standard of Rule 9(b) does not apply to RICO elements other than a fraudulent predicate offense, those elements must still meet the general requirements of Federal Rule of Civil Procedure 8 as applied in *Twombly. In re Ins. Brokerage Antitrust Litig.,* Nos. 04–5184/05–1079, 2007 U.S. Dist. LEXIS 73220, 2007 WL 2892700, at * 8 (D.N.J. Sept. 28, 2007) (collecting cases). [3]

Judge Greenaway granted Defendants' motion to dismiss the original complaint, and granted Plaintiffs leave to file an amended pleading. (Opinion and Order dated March 12, 2010; Doc. Nos. 93, 94 .) Plaintiffs transformed their twenty-eight page complaint into a fifty page, 131–paragraph Second Amended Complaint. While it appears that Plaintiffs substantially increased the specificity of some of their allegations with regard to their RICO and their state-law claims, this Court cannot determine at this time whether the Second Amended Complaint contains sufficient pleadings as to certain key elements.

**\*4** Specificity is imperative in this matter, both because Plaintiffs' fraud allegations implicate the heightened pleading standard of Rule 9(b) and because the RICO statute itself requires specificity, particularly in light of the heavy penalties imposed upon an unsuccessful RICO defendant. *See Darrick Enters. v. Mitsubishi Motors Corp.,* No. 05–4359, 2007 U.S. Dist. LEXIS 4054, 2007 WL 6813810, at *3 (D.N.J. Jan.19, 2007). Therefore, this Court will deny the motions to dismiss without prejudice and exercise its authority pursuant to Local Civil Rule 16.1(b)(4) to require that Plaintiffs file a RICO Case Statement in the form set forth in Appendix O to the Local Civil Rules. This statement "is equivalent to a supplemental pleading which shall include the facts the plaintiff is relying upon to initiate this RICO complaint as a result of the 'reasonable inquiry' standard required by Fed.R.Civ.P. 11." L. CIV. R., App. O. The RICO Case Statement is "designed to aid plaintiffs in framing their claims with particularity sufficient for the requirements of the RICO statute." *Northland Ins. Co. v. Shell Oil Co.,* 930 F.Supp. 1069, 1073 (D.N.J.1996). While the RICO Case Statement does not directly apply to Plaintiff's state-law claims, the filing of this statement "will also serve to clarify those claims as well because Defendants' alleged misconduct is the basis for" these claims. *Darrick,* 2007 U.S. Dist. LEXIS 4054, 2007 WL 6813810, at *3.

To ensure that these issues are resolved in a timely manner and to avoid any need for the filing of redundant motion papers on some issues, this Court will set a schedule for submission of the RICO Case Statement and renewed motion briefing. Plaintiffs shall submit their RICO Case Statement no later than thirty days from the date of this opinion and accompanying order. Defendants may renew their motions to dismiss no later than thirty days thereafter, and they need only supplement their prior moving papers as to those matters materially affected by the RICO Case Statement. Plaintiffs' opposition to Defendants' renewed motions and Defendants' subsequent reply papers must be filed in accord with Local Rule of Civil Procedure 7.1.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss the amended complaint (Doc. No. 102) of the defendants Bentley Travel, Allen Bernstein, Jackie Bork, Dream Vacations International, Inc., Dreamworks Vacation Club, Five Points Travel, Darryl J. Turner, Destination Vacations International, Modern Destinations Unlimited, Vacation Clubs, LLC, and La Bonne Vie (Defs.' Mot. Br. 1 n. 1; Doc. No. 102–2) is denied without prejudice. The motion to dismiss the amended complaint (Doc. No. 103) of the defendant Bank of America is denied without prejudice. The motion to dismiss the amended complaint (Doc. No. 104) of Vacation Travel Club is denied without prejudice. The motion to dismiss the amended complaint (Doc. No. 105) of Bluegreen Vacations Club, Inc., is denied without prejudice. The motion to dismiss the second amended complaint (Doc. No. 110) of Resort Condominiums International, LLC, is denied without prejudice. Finally, the amended motion to dismiss the second amended complaint (Doc. No. 112) of Bluegreen Vacation Club, Inc., is denied

without prejudice. Plaintiffs are ordered to file a RICO Case Statement pursuant to Local Civil Rule 16.1(b)(4) and Appendix O no later than thirty days from the date of this order. Defendants may renew their motions to dismiss no later than thirty days thereafter, and they need only supplement their prior moving papers as to those matters materially affected by the RICO Case Statement. Plaintiffs' opposition to Defendants' renewed motions and Defendants' subsequent reply papers must be filed in accord with Local Rule of Civil Procedure 7.1. An appropriate form of order accompanies this Memorandum Opinion.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4004719

**Footnotes**

1   Plaintiff's amended complaint (Doc. No. 95) and second amended complaint (106) are materially identical except that the amended complaint improperly identifies one of the defendants, Resort Condominiums International, LLC ("RCI"). (Doc. No. 107.) Therefore, the Court will accept the filing of the second amended complaint and it will treat all those currently pending motions to dismiss as those to dismiss the second amended complaint for the purposes of this memorandum opinion.

2   Plaintiffs define the "Travel Club Defendants" as Daryl T. Turner, individually and d/b/a Dream Vacations International, Inc., Dreamworks Vacation Club, Dreamworks Vacations; Dreamworks; Destination Vacations International; Bentley Travel; Modern Destinations Unlimited; Vacation Clubs, LLC, d/b/a La Bonne Vie Travel; Five Points Travel Company; Vacation Travel Club, Inc.; Jackie Bork; Tony Marineli; Zach Vaihinger; Carl Savage; and Eric Shuman. (Second Amended Compl. ¶ 2; Doc. No. 106.) The Court, when collectively referring to this group, shall also describe them as the Travel Club Defendants.

3   Still, where "a plaintiff's claims as to any element other than the predicate offense interrelates with a fraudulent conduct that the plaintiff asserts to be the predicate offense—e.g., if the 'how' aspect of the fraud is based on defendant's use of an enterprise structure—it would indeed be anomalous for the plaintiff not to plead the structure aspect of the enterprise element with particularity while setting forth plaintiff's claims as to the enterprise but to plead the very same structure aspect with particularity while setting forth plaintiff's claims as to the predicate offense." *In re Ins. Brokerage Antitrust Litig.,* Nos. 04–5184/05–1079, 2007 U.S. Dist. LEXIS 25632, 2007 WL 1062980, at *6 n. 4 (D.N.J. Apr. 5, 2007); *see also In re Ins. Brokerage,* 2007 U.S. Dist. LEXIS 73220, 2007 WL 2892700, at * 8 n. 6.

End of Document                © 2025 Thomson Reuters. No claim to original U.S. Government Works.